2023-1354, 2023-1384, 2023-1407

# United States Court of Appeals
# For the Federal Circuit

HONEYWELL INTERNATIONAL INC., TELIT CINTERION DEUTSCHLAND GMBH, fdba Thales DIS AIS Deutschland GmbH, SIERRA WIRELESS, ULC, fka SIERRA WIRELESS INC.,
*Appellants*

v.

3G LICENSING, S.A.,
*Appellee*

Appeals from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2021-00908

**APPELLANTS' RESPONSE TO APPELLEE'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

February 18, 2025

Jeffrey R. Gargano
Erik Halverson
Brian Bozzo
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Phone: (312) 781-7166
E-mail: jeffrey.gargano@klgates.com
        erik.halverson@klgates.com
        brian.bozzo@klgates.com
**COUNSEL FOR APPELLANT**
**HONEYWELL INTERNATIONAL, INC.**

*[additional counsel on inside cover]*

Amanda Tessar
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado
Phone: (303) 291-2388
E-mail: atessar@perkinscoie.com
**COUNSEL FOR APPELLANT
SIERRA WIRELESS, ULC**

Guy Yonay
Kyle Auteri
Pearl Cohen Zedek Latzer Baratz LLP
7 Times Square, 19th Floor
New York, NY 10036
Phone : (646) 878-0800
Email : GYonay@PearlCohen.com
        KAuteri@PearlCohen.com
**COUNSEL FOR APPELLANT TELIT
CINTERION DEUTSCHLAND GMBH,
FDBA THALES DIS AIS
DEUTSCHLAND GMBH**

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Appellant Telit Cinterion Deutschland GmbH, certifies:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   **Telit Cinterion Deutschland GmbH**

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

   **Telit Cinterion USA LLC**

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock of the entities:

   **Telit Communications Plc**

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **None/Not applicable.**

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   - *Sisvel Int'l SA et al. v. Honeywell Int'l. Inc.,* No. 1:20-cv-000652 (D. Del.)
   - *Sisvel Int'l SA v. VeriFone, Inc.,* No. 1:20-cv-00656 (D. Del.)
   - *Sisvel Int'l SA v. HMD Am., Inc.,* No. 1:20-cv-22051 (S.D. Fla.)
   - *Sisvel Int'l SA v. Xirgo Techs.*, LLC, No. 1:20-cv-00659 (D. Del.)

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal

cases) and 26.1(c) (bankruptcy case debtors and trustees). *See* Fed. Cir. R. 47.4(a)(6).

**None/Not Applicable.**

Dated:  February 18, 2025       By: /s/ *Guy Yonay*
                                      Guy Yonay*

*\* Electronic signature provided with authorization pursuant to Fed. Cir. R. 32(g).*

Counsel for Appellant Sierra Wireless, ULC, certifies:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

**Sierra Wireless, ULC (f/k/a Sierra Wireless, Inc.)**

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

**Sierra Wireless America, Inc.**

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock of the entities:
   **Semtech Corporation**
   **Semtech Limited**
   **Semtech (International) AG**
   **Semtech UK Holdings Ltd.**

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

**David St. John-Larkin (Perkins Coie)**

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   - *Sisvel Int'l SA et al. v. Honeywell Int'l. Inc.,* No. 1:20-cv-000652 (D. Del.)
   - *Sisvel Int'l SA v. VeriFone, Inc.,* No. 1:20-cv-00656 (D. Del.)
   - *Sisvel Int'l SA v. HMD Am., Inc.,* No. 1:20-cv-22051 (S.D. Fla.)
   - *Sisvel Int'l SA v. Xirgo Techs.*, LLC, No. 1:20-cv-00659 (D. Del.)

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal

cases) and 26.1(c) (bankruptcy case debtors and trustees). *See* Fed. Cir. R. 47.4(a)(6).

**None/Not Applicable.**


Dated:  February 18, 2025                    By: /s/ *Amanda Tessar*

                                        Amanda Tessar*


*\* Electronic signature provided with authorization pursuant to Fed. Cir. R. 32(g).*

Counsel for Appellant Honeywell International Inc., certifies:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case. Fed. Cir. R. 47.4(a)(1).

   **Honeywell International Inc.**

2. **Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

   **None**

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10 percent or more of the stock of the entities:

   **None**

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **None/Not applicable**

5. **Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   - *Sisvel Int'l SA et al. v. Honeywell Int'l. Inc.,* No. 1:20-cv-000652 (D. Del.)
   - *Sisvel Int'l SA v. VeriFone, Inc.,* No. 1:20-cv-00656 (D. Del.)
   - *Sisvel Int'l SA v. HMD Am., Inc.,* No. 1:20-cv-22051 (S.D. Fla.)
   - *Sisvel Int'l SA v. Xirgo Techs.*, LLC, No. 1:20-cv-00659 (D. Del.)

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). *See* Fed. Cir. R. 47.4(a)(6).

**None/Not Applicable.**

Dated:  February 18, 2025                    By: /s/ *Erik Halverson*

                                                        Erik Halverson

# TABLE OF CONTENTS

I.  Factual Overview.................................................................................2

II.  The Petition Fails to Identify a Basis for Panel Rehearing or En Banc Review.3

    a.  The Board's "Alternative Bases" Are Rooted in an Incorrect Interpretation of Philips .......................................................................3

    b.  Appellee Consistently Treated Claims 1 and 6 as Representative ............7

    c.  The Decision's Proper Analysis of the Record...........................................9

    d.  Any Alleged "Error" is Harmless ...........................................................11

III.  Propriety of Reversal .........................................................................12

IV.  Conclusion ........................................................................................16

## TABLE OF AUTHORITIES

Cases

*ABS Glob., Inc. v. Cytonome/St, LLC,*
    84 F.4th 1034 (Fed. Cir. 2023) .................................................................13

*Belden Inc. v. Berk-Tek LLC,*
    805 F.3d 1064 (Fed. Cir. 2015) ..................................................... 13, 14

*Bradley v. Vill. of Univ. Park, Illinois,*
    59 F.4th 887 (7th Cir. 2023) ....................................................................9

*Google LLC v. Ji-Soo Lee,*
    759 F. App'x 992 (Fed. Cir. 2019) ..........................................................6

*Helvering v. Gowran,*
    302 U.S. 238, 245 (1937) .......................................................................12

*Independent Park Apartments v. United States,*
    449 F.3d 1235 (Fed. Cir. 2006) ...............................................................9

*Intel Corp. v. Qualcomm Inc.,*
    No. 2020-2092, 2022 WL 880681 (Fed. Cir. Mar. 24, 2022) ......... 13, 14

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,*
    463 U.S. 29 (1983) .................................................................................11

*Owens Corning v. Fast Felt Corp.,*
    873 F.3d 896 (Fed. Cir. 2017) .......................................... 1, 6, 13, 15

*SEC v. Chenery Corp.,*
    318 U.S. 80 (1943) (*Chenery I*) ............................................................12

*SEC v. Chenery Corp.,*
    332 U.S. 194 (1947) (*Chenery II*) .........................................................11

*Terry v. Gary Community School Corp.,*
    910 F.3d 1000 (7th Cir. 2018) .................................................................9

**RESPONSE TO COMBINED PETITION FOR REHEARING**

Appellee's Petition—which centers on the allegedly "precedent setting question" of whether listing claims in the cover of a brief defines the scope of an appeal—should be denied. Appellee's Petition fails to identify any basis that merits rehearing, let alone the rare redress of en banc review.

The panel's decision corrected a critical blunder by the Patent Trial and Appeal Board ("Board") regarding the applicability of a reference, Philips, to the claims of a patent owned by Appellee 3G Licensing. In doing so, the panel resolved all remaining disputes that could exist regarding the '718 patent, cementing the factual record. Appellee, having lost, makes a last-ditch effort for a remand to the Board, despite there being no basis or need for one.

The majority is entirely correct that the "unpatentability case came down to a single limitation that was the same in substance for both claims, our review of the Board's rejection of Honeywell's motivation-to-modify-Philips argument thus controls the outcome for both claims 1 and 6." Slip. Op. ("Decision") at 8-9 n.4. Where only one outcome exists based on the defined record, remand is not necessary; reversal is the appropriate path forward. *Owens Corning v. Fast Felt Corp.*, 873 F.3d 896, 901–02 (Fed. Cir. 2017) ("[W]here only one answer is supported by substantial evidence and there is...[no] apparent reason to grant a second record-making opportunity, reversal is warranted.").

I.      Factual Overview

This case centered on whether prior art that recites the same mathematical formula, 98 out of 100 entries of the matrix used in that mathematical formula, and where the only difference was the final two basis sequences, is sufficient to render obvious the claims of the '718 patent.  *See* Decision at 7, 9-10 ("There is no dispute that the basis sequence table disclosed in the '718 patent is identical to the table disclosed in the Philips reference except for the last two bits in the last row, which are flipped.").  The Board nevertheless concluded that the Appellants' petition challenging the '718 patent had not shown a reason to switch the last two bits, or that such a change would have been desirable, because "the '718 patent's inventor was not motivated by a desire to increase the MSB's protection."  Decision at 11. Appellant appealed and sought reversal.  Appellants' Opening Brief D.I. 32 at 22 ("The Board's determination was premised on both legal and factual errors, and should be ***reversed***.") (emphasis added).  At no point did Appellee ask for a remand.

The panel found multiple legal errors and factual findings that were unsupported by substantial evidence, reversing the Board.  To be clear, all three members of the panel (including the dissenting judge) agreed that Philips renders obvious the claims.  The only point of dissent was the procedural mechanism to ensure correction of the factual and legal errors of the Board.

Notably, Appellee does not seek rehearing on any issue regarding the interpretation of the Philips reference. Because the parties (including Appellee) treated claims 1 and 6 together throughout the proceeding and the appeal, reversal is appropriate.

## II.    The Petition Fails to Identify a Basis for Panel Rehearing or En Banc Review

Appellee purports to identify three procedural bases for rehearing: (a) that a challenge to the "alternative bases" outlined by the Board were waived by Appellants; (b) that Appellee's election to treat claim 6 similar to claim 1 throughout the entire proceeding below and on appeal somehow is unfair to Appellee; and (c) that the panel improperly made findings of fact not allowed on appeal. All three are incorrect and fail.

Even if any of Appellee's bases are found to have merit (which they do not), the clear one-sided nature of the record under the Decision's proper interpretation of Philips renders all three errors harmless, and certainly not a basis for rehearing or en banc review. Reversal, in view of the clear one-sided nature of the record, is the proper outcome.

### a.  The Board's "Alternative Bases" Are Rooted in an Incorrect Interpretation of Philips

The Board's alleged "alternative bases" for unpatentability of claim 6 are premised on the application of law and fact that the Decision rejected. The Board's

3

decision provided three alleged bases for its denial of Appellants' challenge to claim 6.  Appx43.  However, baked into all three are the Board's incorrect holding that "Philips46 does not disclose the table recited in claim 1 of the '718 patent and, as discussed above, Petitioner has failed to sufficiently show that one of ordinary skill would have been motivated to modify Philips46 to achieve the table in claim 1." Appx35.  Under this lens, the Board found 1) that a skilled artisan would not have been motivated to modify Philips as proposed, 2) that Nokia (alone) does not disclose repeating one of the information bits four times, and 3) that a skilled artisan would not have found it obvious to alter Nokia's method to achieve the '718 patent's method of repeating a single information bit four times.  Appx43.

The record plainly sets forth that the challenge to claim 6 is an ***obviousness*** theory in view of Philips and Nokia.  Appx522.  When the combination is made— which is proper based on the express reference to Nokia in the text of Philips (Appx1425)—the only remaining question is whether the ***combination*** renders obvious claim 6.  Only Appellants' expert, Dr. Clark, provided testimony on the combination, a fact that the majority developed during the hearing, and Appellee has not, and cannot, identify any plausible competing facts.  Appx523; *see generally* Appellee's Counsel's responses during Oral Argument.  In fact, the propriety of relying on Dr. Clark's testimony over whatever Appellee's expert, Dr. Smith, may have stated is confirmed through Appellee's misrepresentations to the Board about

the scope and content of Dr. Smith's testimony. Oral Arg. at 13:35-14:50

https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1354_

10082024.mp3 ("Oral Arg."). Affording another opportunity for the Board to

evaluate incomplete and improperly cited testimony would be a waste of judicial

resources.

Under the obviousness lens of Philips **and** Nokia, the underlying premise on

which all three of the Board's "bases" is no longer applicable. As the Decision

found, "the Board's decision appears to be based in part on a conflation between the

relevant standards for obviousness and anticipation." Decision at 16. This applies

similarly to the Board's conclusions in Ground 2. Appx43 (the Board's failure to

address the obviousness theory, rather treating the references in isolation).

While it is true that Appellants did not appeal any findings related to Nokia, it

did appeal the Board's analysis of Philips, which implicates not only claim 1, but

also the entirety of the Board's analysis for the final element of claim 6, the only

element Appellee disputes is rendered obvious by Philips and Nokia. Appx38-40.

The Board's analysis of the unpatentability of claim 6 properly rises and falls

with the Decision's corrected interpretation of Philips. Specifically, when asked

whether Ground 2 or the claims challenged therein were abandoned arguments,

Appellants made it clear at argument that "[w]e're not abandoning them your honor,

but the focus of the appeal is on the analysis of the Philips reference that the Board incorrectly did." Oral Arg. at 5:59-6:07. Counsel for Appellee never responded.

While Appellants did confirm that remand would be one proper result based on a correction of the analysis of Philips, counsel did ***not*** concede that remand is the only proper result or that reversal was improper. When asked whether Appellants were seeking reversal on some claims and remand on others, counsel confirmed "that would be an acceptable outcome" but again did not concede that remand was necessary. *Id.* at 6:27-6:31. Appellants were clear at the conclusion of the argument that reversal or remand was requested. *Id.* at 41:15-18 ("respectfully request that the case should be reversed, or remanded"). These statements echo the contents of Appellants' briefs. Appellants' Opening Brief D.I. 32 at 22 ("The Board's determination was premised on both legal and factual errors, and should be ***reversed***.") (emphasis added).

For its part, Appellee never requested a remand. *Google LLC v. Ji-Soo Lee*, 759 F. App'x 992, 997 n.3 (Fed. Cir. 2019) ("'[W]here only one answer is supported by substantial evidence and there is neither a request nor an apparent reason to grant a second record-making opportunity, reversal is warranted.' [*Corning*,] 873 F.3d at 901-02."); *see generally* Response Brief of Appellee, D.I. 50. Appellee's brief does not once mention remand or address Appellants' requested reversal remedy. *See generally* Appellee's Response Brief, D.I. 50. Appellee's counsel in argument did

not once respond to the identified statements regarding reversal or otherwise advance any argument unique to claim 6.  *Id.*

      b.  Appellee Consistently Treated Claims 1 and 6 as Representative

Appellee made no effort to respond to Appellants' argument, or the Court's understanding, that claims 1 and 6 would rise and fall together.  *See* Oral Arg. at 6:50-7:06 ("Court: So it's your position that if we look at claims 6 and 7, 9-13, we're going to see that they'll rise and fall with the other claims at issue today?  Appellants' Counsel: Based on the way the final written decision treated those claims, yes your honor."); Appx43 ("Petitioner's counsel acknowledged that, for claim 6, it is raising 'the same argument, the same issue as is raised on claim 1.'").  Despite having almost thirty minutes of argument time, and ample notice regarding Appellants' position that claims 1 and 6 should rise and fall together, at no point did Appellee even attempt to rebut, respond to, or otherwise raise any independent issues regarding claim 6.  Instead, Appellee elected to focus on attempting to convince the panel that it did not mislead the Board by misquoting its expert or that the mathematical algorithm of the claims of the '718 patent was patentable over prior art reciting the same algorithm.[1]  Appellee understates and downplays the impact its deceitful

---

[1] While the matrix may have differed by two entries, there is no denying that the math itself is identical.

citations had on the Board, and the impact of those citations, and such citations cannot be the basis to open the factual record.

From the opening paper of the proceeding through oral argument before the Board and onward through the entire appeal process, both parties have treated claim 6 and claim 1 as sufficiently similar to group them together. *See e.g.,* Appx543-544. The only place any argument arguably gave independent credence to claim 6 is the Patent Owner's Response, which only addresses Nokia's disclosure (Appx466-467). In its next paper, however, Appellee quickly reverted to treating claim 1 as representative for all purposes. Appx543 ("As discussed at length above and in Patent Owner's Response, a POSITA at the time of invention engaging in MSB protection would encounter the very same dilemma encountered by 3GPP: attempts to optimize BER comes at the cost of RMS error metrics and vice versa"). Moreover, Appellee confirmed that its expert has no independent opinion regarding claim 6. Appx544 ("Dr. Smith does not specifically reference claim 6….").

Rule 32 requires "each party's principal brief must include the language of one or more ***exemplary*** patent claims ***illustrative of the issue(s)*** on the inside of the front cover (or immediately following the front cover if the language requires more space)." To the extent there are differences illustrative of the issues between the claims, the different claims should be listed. Even setting aside Appellee's compliance with Federal Circuit Rule 32, however, the majority's citation to the

inside cover of Appellee's brief rather than the myriad other evidence is at best (for Appellee) nothing more than harmless error. Whether or not Appellee identified one or two claims on its cover is hardly enough to override how the claims were treated (i.e., together) during the entire course of the proceeding or Appellee's delay in raising any complaint about that treatment.

Appellee fails to note that waiver can indeed be triggered by the conduct of an appellee where it, as here, fails to respond to arguments advanced by the appellant. Appellee's own cited law, *Bradley v. Vill. of Univ. Park, Illinois*, 59 F.4th 887, 897–98 (7th Cir. 2023), confirms that "[a]n appellee may also waive arguments by not raising them in a timely way in the district court, ***by failing to respond to an appellant's arguments at all***, or by failing to offer a coherent, supported argument, among other grounds." *See also Terry v. Gary Community School Corp.*, 910 F.3d 1000, 1008 n.2 (7th Cir. 2018) (appellee's counterarguments waived where appellee did not respond to appellant's argument). *Independent Park Apartments v. United States*, 449 F.3d 1235 (Fed. Cir. 2006), is equally unavailing. In *Independent Park*, this Court found that an Appellee's failure to make an argument in one proceeding did not constitute a waiver for a different proceeding. Here, Appellee declined to respond to Appellants' (and the Court's) repeated statements that the claims rise and fall together. No rehearing on that point is needed at this late date.

c.  The Decision's Proper Analysis of the Record

There are no additional factual findings that the Board need undertake. The Decision corrects the Board's misunderstanding of the scope and content of Dr. Smith's testimony, and no further findings are necessary. Oral Arg. at 13:35-14:50. The Decision has already corrected the Board's misapprehension of the scope and content of the Philips prior art reference. Decision at 15-16. The Decision has already rejected the Board's reliance on Dr. Smith's "findings" as they are unsupported by substantial evidence. Decision at 16. The Petition fails to identify any factual findings that remain that the Board must make.

The Decision simply corrects the record to clarify what is and what is not supported by substantial evidence, it does not go beyond the necessary amount of correction. Upon completion of the correction, it is clear that there is no need for any further development of the factual record through remand or otherwise.

The dissent, and Appellee, overstate the need to reassess the testimony of Dr. Smith. There is no "removal" of the protection of the next most significant bit, instead, the protection from the first sixteen rows of the matrix would persist, rendering moot the objection. This is simply the mathematical relationship between the matrix and the output, and that mathematical relationship governs the obviousness of the challenged claims.

The propriety of the Decision's analysis and conclusions are confirmed when the proper interpretation of the prior art is set forth (an interpretation the Petition and

the dissenting judge agree with); it is through this corrected lens that the one-sidedness of the factual record materializes. It is through this lens that it becomes clear that remand is appropriate as no other outcome than unpatentability is supportable by the record.

### d. Any Alleged "Error" is Harmless

Once the Decision has corrected the Board's misapplication of obviousness law, reliance on Petitioner's misrepresentation of Dr. Smith's testimony, and improper factual interpretation of Philips, there is simply nothing left for the Board to handle on remand. Any procedural error made by the Decision along the way is harmless error.

For example, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, addresses whether an agency's change to its own rules may be considered arbitrary and capricious. 463 U.S. 29, 46 (1983) ("The ultimate question before us is whether NHTSA's rescission of the passive restraint requirement of Standard 208 was arbitrary and capricious. We conclude, as did the Court of Appeals, that it was."). The Decision is not at odds with the Supreme Court's holding as the Board did not rescind any rules.

Similarly, in *SEC v. Chenery Corp.*, 332 U.S. 194 (1947) (*Chenery II*), the Supreme Court faced undisputed facts. Here, not only were the facts disputed, but the Board made improper factual findings, leading to this appeal. *SEC v. Chenery*

*Corp.*, 318 U.S. 80 (1943) (*Chenery I*) rests, in part, on the proposition that the Supreme Court declined to "disturb the settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" 318 U.S. at 88 (*citing Helvering v. Gowran*, 302 U.S. 238, 245 (1937)). *Id.* So too here: the panel reached the correct result and it should not be disturbed even if it relied, in part, on the reference in the cover of Appellee's brief as "[i]t would be wasteful to send a case back to … reinstate a decision which it had already made but which … should properly be based on another ground within the power of the appellate court to formulate." *Id.*

Like the Board, the panel had the record to evaluate, including the same declarations and cross examination testimony that the Board did; there are no differences between the Board's ability to make these decisions or the panel's ability. This is unlike cases "where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made." *Id.* The Petition relies, improperly, on a number of cases that are simply inapposite to the situation at hand, because they rely on factual findings that are uniquely available to a trier of fact below. Here, it would be wasteful to remand. *Id.*

III.  Propriety of Reversal

Under 3G Licensing's position du jour, there can be no reversal of the Board's decision in this case. Cases must be unendingly remanded and then subsequently appealed until the underlying agency arrives at the right conclusion, which can then be affirmed. However, such an interpretation is not only a waste of judicial resources, it is at odds with years of precedent from this Court.

This Court has long held it is proper to reverse a Board decision where the corrected record leaves only one path forward that is supported by substantial evidence. *Owens Corning v. Fast Felt*, 873 F.3d at 901–02; *ABS Glob., Inc. v. Cytonome/St, LLC*, 84 F.4th 1034, 1042 (Fed. Cir. 2023). Where the record is one-sided on the question of obviousness, reversal, rather than remand, is the proper outcome. *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1077 (Fed. Cir. 2015) (reversing the Board where "the record is one-sided on the proper question"); *Intel Corp. v. Qualcomm Inc.*, No. 2020-2092, 2022 WL 880681, at *4-5 (Fed. Cir. Mar. 24, 2022) ("The Board's final written decisions finding that a skilled artisan would not have been motivated to combine the asserted prior art to arrive at the claimed invention are ***contrary to law and unsupported by substantial evidence***. Under the correct legal standard, Intel met its burden in showing that a skilled artisan would have been motivated to combine Lee with the Feasibility Study to arrive at the claimed invention. Thus, we reverse.") (emphasis added).

13

In *Belden*, even where the Board previously made passing arguments against combinability, the Court reversed the Board's findings of non-obviousness upon the correction of the interpretation of the prior art, because, in part, obviousness is a question of law. 805 F.3d at 1077. Similarly, in *Intel*, the Board's misapprehension of the prior art and how the prior art would have informed a skilled artisan were "contrary to law and unsupported by substantial evidence." 2022 WL 880681, at *4-5. Reversal was appropriate. *Id.*

Here, the "uncontroverted evidence in the record demonstrates that the Philips reference teaches protecting the MSB through redundancy and that a person of ordinary skill in the art would understand that flipping the two digits in the last row of the basis sequence table would repeat the MSB and hence increase its protection." Decision at 14. Indeed, the unrebutted testimony of Dr. Clark confirms that "a person having ordinary skill in the art would have understood that the scheme proposed in the Philips reference 'would have the purpose and effect of providing extra protection to the MSB' and that 'providing extra protection to the MSB would be a desirable goal.'" Decision at 15 (citing Appx978). The panel correctly identified the claimed relationships as nothing more than basic algebra. Oral Arg. at 19:30-19:34. The Decision acknowledged the testimony of 3G Licensing's expert, Dr. Smith's (Decision at 15) and concluded that "at no point did he attempt to rebut Dr. Clark's opinion that a person of ordinary skill in the art would understand that

swapping the two digits in the basis sequence would repeat the MSB an additional time and provide increased protection to the MSB." Decision at 15 (citing Appx2047-49).

The Decision concluded "[t]here is accordingly no evidence in the record from which a reasonable mind could conclude that the petition failed to show that a person of ordinary skill in the art would not understand that the modification of the Philips reference would have increased protection for the MSB, a goal that the Philips reference itself recognized." Decision at 15. As with established precedent, the record in this case is one-sided, warranting reversal. *Corning v. Fast Felt*, 873 F.3d at 901–02.

When the Decision's proper interpretation of Philips is added to the combination, the Board's findings of lack of teaching and no combinability are not supported by substantial evidence and the record becomes similarly one-sided. This proper interpretation only supports the conclusion that "one of ordinary skill 'would have appended the MSB of data (a4) of the information bits four times to the resulting codeword of Nokia to provide the most protection possible to the MSB, instead of appending the four bits suggested by Nokia.' *Id.* at 13–14." Appx42 (citing Appx523-524).

In this regard, the entirety of the Board's interpretation of the Nokia/Philips combination was colored by the Board's improper interpretation and application of

15

Philips. The record below, when Philips is properly interpreted, is one-sided such that the only interpretation supportable by substantial evidence is "a POSITA would have appended the MSB of data (a4) of the information bits four times to the resulting codeword of Nokia to provide the most protection possible to the MSB." Appx523.

The Decision sets forth a proper interpretation of Philips (an interpretation that the dissent agrees with, and Appellee does not seek to disturb). In view of that interpretation, there are no further factual evaluations the Board needs to undertake to resolve the patentability of the claims challenged in Appellants' Petition. Only one outcome results from the interpretation of Philips (that Philips renders obvious the claimed basis sequences of claim 1 of the '718 Patent), and in view of that interpretation of Philips, there is no need to grant a second record-making opportunity to the Board.

Accordingly, reversal is proper.

IV.    Conclusion

3G Licensing has failed to identify any point of law or fact that was overlooked or misapprehended by the panel. 3G Licensing has failed to identify any precedent-setting question of exceptional importance. To the extent that there was any error here (which there was not), it is at most harmless and does not warrant rehearing or en banc review. Appellee's Petition should be denied.

Dated: February 18, 2025                    Respectfully submitted,

/s/ *Erik Halverson*
Jeffrey R. Gargano
Erik Halverson
Brian Bozzo
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Phone: (312) 781-7166
Email: jeffrey.gargano@klgates.com
        erik.halverson@klgates.com
        brian.bozzo@klgates.com

COUNSEL FOR APPELLANT
HONEYWELL INTERNATIONAL, INC.

/s/ *Amanda Tessar*
Amanda Tessar
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado
Phone: (303) 291-2388
E-mail: atessar@perkinscoie.com

COUNSEL FOR APPELLANT
SIERRA WIRELESS, ULC

/s/ *Guy Yonay*
Guy Yonay
Kyle Auteri
Pearl Cohen Zedek Latzer Baratz LLP
7 Times Square, 19th Floor
New York, NY 10036
Phone: (646) 878-0800
Email : GYonay@PearlCohen.com
        KAuteri@PearlCohen.com

**COUNSEL FOR APPELLANT TELIT
CINTERION DEUTSCHLAND GMBH,
FDBA THALES DIS AIS
DEUTSCHLAND GMBH**

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitations of Federal Circuit Rule 32(b) because this brief contains 3,820 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Word in 14-point Times New Roman font.

Dated:  February 18, 2025                    By:    */s/ Erik Halverson*
                                                          Erik J. Halverson

# CERTIFICATE OF AUTHORITY

I certify under penalty of perjury under the laws of the United States that I have the authority and consent of Amanda Tessar, counsel for Appellant Sierra Wireless, ULC, and Guy Yonay, counsel for Appellant Telit Cinterion Deutschland GmbH, fdba Thales DIS AIS Deutschland GmbH, to file this document with their electronic signatures.

Dated: February 18, 2025

By:     /s/ *Erik Halverson*
        Erik J. Halverson